Date signed February 21, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-10933PM |
|---|---|
| Magalie B. Payen, | Chapter 13 |
| Debtor. | |
| Magalie B. Payen, Movant, v. HSBC Mortgage Services, Inc, Respondent. | |

**MEMORANDUM OF DECISION**

The Debtor, Magalie B. Payen, filed a motion pursuant to 11 U.S.C. § 362(c)(4)(B) seeking the entry of an order that the automatic stay of 11 U.S.C. § 362(a) take effect as to all creditors. The matter came on for hearing on February 20, 2008. The motion was opposed by HSBC Mortgage Services, Inc., the holder of a loan secured by a second priority lien on the Debtor's residence that is owned jointly by the Debtor and her husband.

Under 11 U.S.C. § 362(c)(4)(A), the automatic stay of 11 U.S.C. § 362(a) does not go into effect if, as here, a debtor has two or more cases pending within the year prior to the filing of a case that were dismissed. The Debtor falls into that category. Case No. 07-16456 was filed by her in proper person on July 16, 2007. The case was dismissed on August 21, 2007, because of her failure to file the required Schedules and other papers. Case No. 07-20298 was filed by her on October 19, 2007, also in proper person, and was dismissed by Order entered December 12, 2007, for the same reason as the previous case. This case was filed on January 22, 2008, and now the Debtor is

represented by experienced counsel. All papers required to prosecute a bankruptcy case under Chapter 13 were filed with the petition. Her Chapter 13 Plan proposes payments of $612.00 per month for a period of 60 months. The meeting of creditors is scheduled for February 28, 2008, and a confirmation hearing is scheduled for April 8, 2008.

Section 362(c)(4)(D) of the Bankruptcy Code provides that for the purpose of subsection (B), the case is presumptively filed in bad faith, but that the presumption may be rebutted by clear and convincing testimony to the contrary. The court has carefully considered the testimony of the Debtor and finds that she has sustained this heavy burden. The court finds that this case has been filed in good faith and further finds the Debtor's testimony as to the dismissal of her prior filings credible. The court further finds the total absence of any intent to abuse the bankruptcy process. Were this intent a reality, all that would be required to thwart creditor action would be the filing of a bankruptcy case by her husband.

The first filing was accomplished on the advice of a bankruptcy petition preparer whom the Debtor paid over one thousand dollars, and as with many such parties, did nothing other than give the Debtor some very bad advice. The case went nowhere. The second case came at a time when the Debtor and her husband were estranged, caused in part by the fatal illness of her mother-in-law, leaving her in dire straits on how to manage care for her four children and herself. The Debtor and her husband are now reconciled as evidenced by his appearance in court at the time of the hearing. They have obtained additional employment to enable them to make required payments to the holders of the liens on their home and automobile and Chapter 13 Plan payments to the Trustee. It may well happen that the Chapter 13 Plan is underfunded in that they have underestimated the amounts required to cure the arrears to the holders of secured loans, but that is a matter easily corrected.

The court will condition the automatic stay in that it will remain in effect as to HSBC only so long as the Debtor is current on post-filing payments to the holder of the senior lien, Wilshire Credit Corporation and on the Chapter 13 Plan payments.

An appropriate order will be entered.

cc:  Debtor
     Debtor's Counsel
     Chapter 13 Trustee
     All Creditors

**End of Memorandum of Decision**