Date signed July 10, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-10933PM |
|---|---|
| Magalie B. Payen, | Chapter 13 |
| Debtor. | |

## MEMORANDUM OF DECISION

This case is before the court on the Application of Frank Morris, II, attorney for the Debtor, seeking compensation of $7,579.50 for representation of the Debtor in this bankruptcy case under Chapter 13.[1] The Application is opposed, in part, by the Chapter 13 Trustee, who points out that if approved the Chapter 13 Plan would be underfunded and the dividend to the unsecured creditors without priority would be eliminated. To avoid this result, the Debtor is willing to increase plan payments in an amount equal to the fees allowed in excess of those initially charged.

The confirmed Chapter 13 Plan provides for payments of $36,720.00 ($612.00 monthly for 60 months). If the Debtor were to make all required payments under the Chapter 13 Plan, approximately $3,600.00 would be paid to the Chapter 13 Trustee, $1,106.67 would be paid on a priority claim for taxes, $2,324.00 on a priority claim for counsel and approximately $28,000.00 would be paid to collect pre-petition arrears on the Debtor's home and vehicle loans. The odds are that the Debtor, like the majority of debtors in cases under Chapter 13, will not be able to consummate the Chapter 13 Plan, resulting in the principal beneficiaries of payments being the priority creditors, such as counsel.

The court has no issue with the quality of the work done by counsel. However, the size of the fee sought is extraordinary. A committee consisting of bankruptcy lawyers, trustees and judges

---

[1] Counsel represents in the Application that he has received $1,676.00 and is seeking allowance, as an administrative priority, of $5,903.50.

agreed that $4,500.00 was a reasonable fee for representation of a debtor throughout the course of a case under Chapter 13 as set forth in Appendix F of the Local Bankruptcy Rules. The creation of presumptively reasonable "no look" fees is described in Judge Keir's opinion in the case of *In re Bellamy*, 379 B.R. 86 (BC Md. 2007). Counsel's basic hourly fee of $385.00 is high for the nature of work involved that is largely repetitive and requires average legal skill. Some of the time expended for the actions such as preparing a motion to extend the automatic stay of 11 U.S.C. § 362(a), reviewing and preparing a response to the motion for relief from the automatic stay, reviewing a court memorandum and the like seem longer than required. The paralegal staff charges $150.00 hourly, which also appears excessive. Time expended for transmitting filings electronically to the court and such entries as .3 of an hour for mailing a copy of a letter to a client, .3 of an hour for faxing a notice to counsel for the mortgagee and .5 of an hour for copying tax returns indicate that the charges for services of the paralegal staff are viewed as profit centers rather than reimbursable expenses.

      While it is true that since the Debtor will bear the burden of this extraordinary addition to the fees disclosed, the court nonetheless has a duty under 11 U.S.C. § 329(b) to ascertain the reasonable value of the services rendered. Counsel urges the court that this case was unusual in that he had to file a motion to extend the automatic stay. That was know to counsel at the time of his initial interview with the Debtor. Not to provide for this service on the Rule 2016(b) Statement was misleading and akin to a bait and switch operation. The motion for relief from stay was triggered by the fact that the Debtor failed to make the first payment that became due after the filing of the case, and the court finds it difficult to understand why counsel did not emphasize the necessity of making payments to the secured creditor following the filing of the case.

      After consideration of the Application, the record herein and the fact that counsel will be required to prepare a modified plan to cover the fees awarded as a result of this award, the court will allow total compensation of $4,875.00 for the work done to date by counsel.

      An appropriate order will be entered.

cc:    Magalie B. Payen
       Frank Morris, II
       Nancy L Spencer Grigsby, Chapter 13 Trustee

**End of Memorandum**